IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES N. HODGE                                                                PETITIONER
Reg. #12114-074

VS.                             CASE NO.: 2:13CV00005 DPM/BD

ANTHONY HAYNES, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                          RESPONDENT

RECOMMENDED DISPOSITION

I.     Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge D.P. Marshall Jr.  Mr. Hodge – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.  Background**

On January 30, 2006, Petitioner Charles N. Hodge pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One), and attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count Four). *Hodge v. United States*, 4:06-CV-52, 2008 WL 4980888, *3 (E.D. Tenn. Nov. 24, 2008). (#7-1 at p. 7) Mr. Hodge was sentenced to the custody of the Bureau of Prisons for a total of 160 months – 120 months for Count 1, and 160 months for Count 4, with the sentences to run concurrently. *Id*. He is currently serving his sentence in the Federal Correctional Institution ("FCI") in Forrest City, Arkansas.

On September 25, 2006, Mr. Hodge filed a motion to vacate his sentences with the sentencing court under 28 U.S.C. § 2255. *Id*. (#7-1 at p. 3, 21) The court denied his motion. *Id.* (#7-1 at p. 22, #7-2) On February 13, 2012, he filed a second § 2255 motion which the District Court transferred to the Sixth Circuit Court of Appeals. (#7-1 at p. 23) The Sixth Circuit treated the motion as a motion to file a second or successive § 2255 petition and denied it on December 6, 2012. (#7-1 at p. 23)

On January 14, 2013, Mr. Hodge filed a habeas corpus petition in this Court, under 28 U.S.C. § 2241. (#1) He complains that his pre-sentence report ("PSR") included a charge of attempted second-degree murder in Van Buren County, Tennessee, Case Number 1942F. (Docket entry #1 at p.1) Mr. Hodge states that the charge was dismissed and the case expunged from the record, but that he nonetheless suffered the inclusion of a "7 points greatest severity in his prison record"[1] because of the charge. He complains that, as a result of the increase to the base offense level in the PSR, he is being denied transfer to a less restrictive facility and "various other privileges." (#1 at p. 2)

In his response, Warden Haynes argues that Mr. Hodge has not established that 28 U.S.C. § 2255 is an inadequate remedy, a requirement to bring this petition under 28 U.S.C. § 2241, and also that Mr. Hodge has no liberty interest in a particular security classification or in being placed in a particular correctional facility. (#7 at p. 3) For the reasons explained below, the petition must be dismissed for lack of jurisdiction.

---

[1]It is unclear why Mr. Hodge refers to a *seven* point severity enhancement in his petition. When performing the offense level computation for Count 1, the probation officer applied an enhancement under § 2K2.1(b)(5) of the United States Sentencing Guidelines ("USSG"). Paragraph 19 of the PSR notes that Mr. Hodge shot the victim in the head, an action constituting attempted murder. The maximum punishment for attempted murder exceeds one year. Because Mr. Hodge possessed the firearm in connection with another felony offense, that resulted in an increase in the offense level by *four* points (from 24 to 28) under § 2K2.1(b)(5). (#7-1 at p. 14) Mr. Hodge was ultimately sentenced as a career offender on Count 1, resulting in an offense level of 32, which was adjusted down by 3 points for acceptance of responsibility. (#17-1 at p. 15) Accordingly, for sentencing on Count 1, the offense level was 29. (#17-1 at p. 15)

**III.     Subject Matter Jurisdiction**

Inmates contesting the lawfulness of their federal convictions and sentences generally must bring a motion in the sentencing court under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005).  A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, is appropriate where the inmate is attacking the execution of a sentence, or the manner in which the sentence is being carried out; and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). The issue, then, is whether Mr. Hodge challenges the execution of his sentence.  If he does not, this Court lacks habeas corpus jurisdiction over his claims.  28 U.S.C. § 2241.

As Respondent Hayes points out, Mr. Hodge essentially challenges the validity of his sentence by claiming that his sentence was incorrectly enhanced based on a state court charge that was later dismissed and expunged.  More specifically, Mr. Hodge objects to his PSR where a 4-level increase to the base offense level was applied under section 2K2.1 of the Federal Sentencing Guidelines in effect in 2006, for use of a firearm in connection with attempted second degree murder.  (#7-1 at p.14)  As relief, Mr. Hodge asks the Court to "remove" the classification from his official inmate file and "update the record" with a statement that the charge has been dismissed and expunged and must not be relied on by the Department of Justice.  (#1 at p. 2)

This Court cannot entertain Mr. Hodge's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

Title 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To take advantage of the savings clause, a petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court under 28 U.S.C. § 2255. *Abdullah*, 392 F.3d at 959. And this is a "narrowly circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

The fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id*. Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

In this case, Mr. Hodge has failed to meet his burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court. The District Court for the Eastern District of Tennessee considered the same claim Mr. Hodge makes in this petition in its November 21, 2008 order denying Mr. Hodge's motion to amend his motion to vacate his sentence under § 2255. (#7-1 at p. 22, #7-2) Mr. Hodge argued then, as he does here, that the probation officer should not have applied a four-level enhancement to his offense level calculation based on his use of the firearm in connection with the shooting of the victim. *Hodge v. United States*, 4:06-CV-52, 2008 WL 4980888, *1 (E.D. Tenn. Nov. 24, 2008). The court denied the motion because Mr. Hodge's guideline range was determined based upon his status as a career offender. *Id*. (#7-2 at p. 3) The court found no error in the calculation of the guideline on his felon-in-possession charge in the PSR, but stated that even if it was incorrect, it would not have mattered since the career offender guidelines are higher, and those were the guidelines under which Mr. Hodge was sentenced. *Id*. (#7-2 at p. 3)

The court considered the same argument again when addressing Mr. Hodge's complaint that his counsel was ineffective for failing to object to the four-level enhancement under § 2K2.1(b)(5). *Id*. at *6-7. (#7-2 at p. 12) The court rejected his ineffective assistance of counsel argument explaining:

> the enhancement became immaterial to the calculation of Hodge's
> Guideline range since he was classified as a career offender. Thus, it would
> not matter if the four-point increase in base offense level under

> § 2K2.1(b)(5) enhancement was incorrect, which it is not, because Hodge was sentenced under the career offender guidelines. Hodge's total offense level with the § 2K2.1(b)(5) enhancement was 25. However, due to his status as a career criminal under § 4B1.1(a) his total offense level was calculated to be a 32 less three levels for acceptance of responsibility, for a final offense level of 29 (Presentence Investigation Report "PSR: p. 6)."

*Id*. (#7-2 at p. 12)

The proper avenue for obtaining relief related to his sentence would be for Mr. Hodge to request leave to file a successive petition under 28 U.S.C. § 2255. Mr. Hodge, thus far, has been unsuccessful in obtaining permission from the Sixth Circuit Court of Appeals. (#7-1 at p. 23)

Mr. Hodge also claims he is challenging the "conditions of his confinement" and more particularly complains that his status affects his eligibility for certain programs or privileges within the Bureau of Prisons. (#1 at p. 1) This is also a matter that cannot be raised in a habeas corpus petition.

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489. On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004); see also *Levi v. Ebbert*, 353 Fed. Appx. 681, 682 (3d Cir. 2009)(claims

concerning the determination of a federal prisoner's custody level do not lie at the core of habeas corpus and are not cognizable in a § 2241 petition).

If Mr. Hodge wishes to challenge the conditions of his confinement, he must do so in a separate civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee of $350, rather than the $5 filing fee for habeas petitions. A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).

Moreover, courts have consistently held that inmates are not entitled to due process protections in relation to discretionary transfers between prison facilities. See *Montayne v. Haymes*, 427 U.S. 236, 242–43, 96 S.Ct. 2543 (1978)(finding no constitutional right to be housed in a particular state prison); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976)(holding that no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate). Prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment. See *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983)("Just as an inmate has no justifiable expectation that he will

be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."). In sum, prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976).

## IV.   Conclusion

Because Mr. Hodge challenges the lawfulness of his sentence and the conditions of his confinement rather than the execution of his sentence, this Court lacks habeas corpus jurisdiction over his claims. Accordingly, the Court recommends that Charles N. Hodge's petition for writ of habeas corpus (#1) be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

DATED this 15th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE